# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY JOHNS, CDCR #C-34804,<br><br>                Plaintiff,<br><br>vs.<br><br>LARRY SMALL, T. OCHOA; S. ANDERSON; M. McNAIR; N. GRANNIS; D. BELL,<br><br>                Defendants. | Civil No.   10cv2138 IEG (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350.00 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

      Gerry Johns ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

/ / /

/ / /

# I.

## MOTION TO PROCEED IFP [Doc. No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds

1 available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion
2 to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).
3 However, the entire $350 balance of the filing fees mandated shall be collected and forwarded
4 to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
5 § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

8 Notwithstanding IFP status or the payment of any partial filing fees, the Court must
9 subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening
10 and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a
11 claim upon which relief may be granted, or seeking monetary relief from a defendant immune
12 from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.
13 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.
14 Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
15 only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that
16 fails to state a claim).

17 Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte
18 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as
19 amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to
20 the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing
21 the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at
22 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir.
23 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of
24 process is made on the opposing parties").

25 "[W]hen determining whether a complaint states a claim, a court must accept as true all
26 allegations of material fact and must construe those facts in the light most favorable to the
27 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194
28 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

*Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A.     Good Time Credits and *Heck*

As currently pleaded, Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long.  *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Plaintiff alleges that prison officials violated his right to due process during his disciplinary hearing where he was charged with mutual combat with another inmate.  (*See* Compl. at 3-5.) As a result, Plaintiff claims that he was assessed "ninety (90) days forfeiture of time credits and the Board of Parole . . . denied the plaintiff ten (10) years before a subsequent parole consideration hearing would be held." (*Id.* at 4.)

In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts in his Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal,

1  expunged by executive order, declared invalid by a state tribunal authorized to make such a
2  determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.
3  Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such
4  a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

### B.  Fourteenth Amendment Due Process Claims

Plaintiff also alleges that his due process rights were violated during his disciplinary hearing which led to the loss of good time credits. Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

1       Therefore, to establish a due process violation, Plaintiff must first show the deprivation
2 imposed an atypical and significant hardship on him in relation to the ordinary incidents of
3 prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
4 Court could find there were atypical and significant hardships imposed upon him as a result of
5 the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
6 of his confinement that would give rise to a liberty interest before he can claim a violation of due
7 process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
8 *by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed
9 to allege a liberty interest arising from his disciplinary hearing, and thus, has failed to state a due
10 process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

11       Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim
12 upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.
13 §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend
14 his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint
15 fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and
16 without leave to amend.

17 **III.**
18 **CONCLUSION AND ORDER**

19 Good cause appearing, **IT IS HEREBY ORDERED** that:

20    1.     Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is
21 **GRANTED**.

22    2.     The Secretary of California Department of Corrections and Rehabilitation, or his
23 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
24 owed in this case by collecting monthly payments from the account in an amount equal to twenty
25 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
26 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
27 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
28 ASSIGNED TO THIS ACTION.

1     3.    The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.    Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 11/28/2010

*[signature: Irma E. Gonzalez]*

**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court